IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY BASS, #122 504 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-280-TMH |
| | )                [WO] |
| SARAH P. FAULK, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed this 42 U.S.C. § 1983 action on March 28, 2012. He states that on February 3, 2012 his daughter sent him a money order. On February 8, 2012, Plaintiff asked that Defendant Sarah Faulk, an accountant at the prison, return the funds to his daughter. Plaintiff complains that Defendant Faulk refused to do so and kept the money. Plaintiff further complains that inmates who receive money orders are charged a $1.00 processing fee and such fee is imposed by prison officials for personal gain. Plaintiff seeks trial by jury and requests damages and injunctive relief.

Upon review of the complaint, the undersigned concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1] *See Neitzke v.*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it

*Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

## I. DISCUSSION

### *A. Property Claim*

The court understands Plaintiff to complain that Defendant's alleged improper confiscation of his property violated his right to due process. Insofar as Plaintiff's complaint about the allegedly improper confiscation of his property is concerned, the court finds that under no set of facts is he entitled to relief.

> "If the [Plaintiff's money] was not returned because of [Defendant's] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [Defendant] intentionally refused to return the [money], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendant] acted without authorization. If [Defendant] was acting pursuant to authorization, [her] actions would be within the outer perimeter of [her] duties and would not have violated any clearly established constitutional right and therefore [she] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974);

---

determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir. 1985). Only if the complaint is construed as alleging that [Defendant] was acting in bad faith outside the scope of [her] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Defendant violated his due process rights by improperly confiscating his personal property, whether such was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2] *See Neitzke v. Williams*, 490 U.S. 319 (1989).

---

[2] A review of Plaintiff's inmate account statement submitted in support of his request for *in forma pauperis* status reflects that $30.00 was deposited into his inmate PMOD account in February 2012. *See* Doc. No. 2.

### B. Due Process Claim

Plaintiff challenges the Alabama Department of Corrections' ["ADOC"] imposition of a $1.00 processing fee for money orders sent to inmates. He contends that the processing fee is illegal and imposed by Defendant Falk for personal monetary gain.

The ADOC provides the following information regarding the collection of processing fees for money orders and cashier checks sent to inmates:

> **Effective September 1, 2010** the Alabama Department of Corrections began collecting a $1.00 processing fee for each money order and cashier check received through the U.S. Postal Service or other similar conveyance that is processed and deposited into an inmate's PMOD account by the ADOC. The Department elected to collect the $1.00 processing fee to partially offset the costs associated with the substantial staff time required to manually open, sort, and physically deposit money orders and cashier checks into the bank.

*Available at* http://www.doc.state.al.us.

Although Plaintiff complains about being assessed a processing fee for money orders he receives, the court finds that the prison has a reasonable interest in defraying the costs of incarceration which may include charging inmates for costs associated with expenses incurred by the prison in housing inmates. Put another way, Plaintiff has no constitutionally protected right to not pay the costs and/or fees associated with his desire to have access to various prison privileges including the availability of an inmate money account. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). *Cf. Jensen v.*

4

*Kleckler*, 648 F.2d 1179, 1183 (8th Cir. 1981) (holding that there was no basis for a due process claim where deduction from prisoner accounts for postage were "assessment[s] for value received" and plaintiffs did not contend that they did not receive the services for which they were charged); *Slade v. Hampton Rd. Reg'l Jail,* 407 F.3d 243, 251-53 (4th Cir. 2005) (holding that the imposition of an $1.00 per day room and board charge does not amount to a "punishment or fine" nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest). Accordingly, the court concludes that the assessment of a nominal fee on money orders sent to inmates for the purpose of defraying some of the costs associated with processing such transactions, without more, fails to state a violation of an inmate's federally protected constitutional rights.[3]  *See Sandin v. Connor*, 515 U.S. 472 (1995).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

---

[3] Certainly, the court is unaware of any basis under which an inmate should be afforded greater protection under the Constitution from the assessment of fees and costs associated with the voluntary consumption and/or utilization of goods and services than is afforded an ordinary free-world citizen.

ORDERED that on or before **April 19, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE